IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHONG CHEN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHAN QIAO ZHANG, et al., | : | No. 10-6255 |
| Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                                              February 10, 2010

Plaintiff Chong Chen has filed a lawsuit against his neighbor, Defendant Shan Zhang, and Zhang's insurance company in connection with property damage he incurred as a result of a fire at Zhang's property. Zhang's insurer, Erie Insurance Company ("Erie"), has moved to dismiss Chen's breach of contract claim against it. For the reasons stated below, the Court grants the motion.

Chen has also sued his own home insurer, Allstate Insurance Company ("Allstate"), alleging that Allstate breached Chen's insurance contract by failing to provide reimbursement for the damages to his property. However, because Chen's joinder of Allstate does not satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2), the Court will also dismiss Allstate.

## I.    BACKGROUND

On February 19, 2010, Zhang's home at 753 Jericho Road in Philadelphia caught fire, damaging Chen's adjacent property located at 751 Jericho Road. (Compl. ¶ 7.) According to Chen, Zhang's negligence caused the fire. (*Id.* ¶ 8.) At the time of the fire, Chen had a home insurance policy with Allstate and Zhang had one with Erie. (*Id.* ¶¶ 20, 27.) Chen has filed a breach of contract claim against Erie claiming that he is a third-party beneficiary of the insurance agreement

between Erie and Zhang.  He also sued Zhang for negligence and Allstate for breach of contract.

II.   **STANDARD OF REVIEW**

   A.   **Motion to Dismiss**

The Federal Rules of Civil Procedure mandate dismissal of complaints which fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Courts look to the complaint and attached exhibits in ruling on a motion to dismiss.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2008); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them in the light most favorable to the non-moving party.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The defendant bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

The Third Circuit applies a two-part analysis to determine whether claims survive a Rule 12(b)(6) motion to dismiss.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  First, the Court must separate the factual and legal elements of the claim, accepting well-pleaded facts as true, but disregarding legal conclusions.  *Id*.  Second, the Court must determine whether the facts alleged in the complaint are sufficient to show a plausible claim for relief.  *Id*. at 211 (citing *Phillips*, 515 F.3d at 234-35).  If the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failure to state a claim.  *Jones v. ABN Amro Mortg. Grp.*, 606 F.3d 119, 123 (3d Cir. 2010).

B.    **Misjoinder of Defendants**

District courts may raise the issue of improper joinder under the Federal Rules sua sponte. *See* Fed. R. Civ. P. 21; *Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 804 (3d Cir. 1994); *Braverman Kaskey, P.C. v. Toidze*, Civ. A. No. 09-3470, 2010 WL 4452390, at * 2 (E.D. Pa. Nov. 4, 2010). The Court has broad discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule. *Blood v. Fed. Bureau of Prisons*, Civ. A. No. 09-229, 2009 WL 1118471, at * 3 (M.D. Pa. Apr. 24, 2009) (citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2009)). A court may dismiss a misjoined party at any stage of the action. Fed. R. Civ. P. 21. "When a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006).

III.    **DISCUSSION**

A.    **Chen is not a Third-Party Beneficiary to the Erie Insurance Contract**

Chen seeks to enforce an insurance contract between Zhang and Erie as a third-party beneficiary. He alleges that he was part of a "class of persons who were intended as beneficiaries" of the contract between Zhang and Erie. (Compl. ¶ 30.) Thus, Erie must pay Chen for property damage caused by Zhang. (*Id*. ¶ 31.) Despite Chen's requests, Erie has failed to pay for the damages he suffered. (*Id.* ¶ 32.)

Pennsylvania has adopted § 302 of the Restatement (Second) of Contracts for determining when a party is a third party beneficiary of a contract, creating a two-part test: "(1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the

performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983). The first element of the test establishes "a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate," and the second element "defines the two types of claimants who may be intended as third party beneficiaries." *Scarpitti v. Weborg*, 609 A.2d 147, 150 (Pa. 1992). Whether a party is a third-party beneficiary with standing to enforce a contract is a question of law for the Court. *Shumate v. Twin Tier Hospitality, LLC*, 655 F. Supp. 2d 521, 535 (M.D. Pa. 2009). For the purported third party beneficiary to have standing to enforce a contract, the contracting parties must have expressed an intent to benefit the third party in the contract itself, unless "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties." *Scarpitti*, 609 A.2d at 150-51.

Chen has not alleged that Erie's insurance contract with Zhang contained any explicit provisions to benefit him. He therefore must point to compelling circumstances indicating that either Erie or Zhang intended to benefit him at the time the contract was formed. *See id; Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005). Chen has not plausibly alleged any such circumstances. Although Erie may ultimately supply the funds to satisfy a judgment against Zhang, a liability insurance policy is made with the intention of benefitting the insured, not someone he injures. *See Burks*, 883 A.2d at 1090 (holding that a customer injured in a fall at a bank did not have third-party beneficiary standing to assert a claim against the bank's liability insurer). Under Chen's reasoning, anyone injured by another's conduct could sue that person's insurance provider as a third party beneficiary. The potential for this absurd result has led Pennsylvania courts to interpret § 302

4

narrowly. *See Hicks v. Metro. Edison Co.*, 665 A.2d 529, 535 (Pa. Commw. Ct. 1995) (noting that third-party beneficiary status must not extend to "virtually every member of the public"); *Holmes v. Lankenau Hosp.*, 627 A.2d 763, 771 (Pa. Super. Ct. 1993). Accordingly, his breach of contract claim against Erie must be dismissed.

### B. Allstate Must Be Dismissed as Improperly Joined

Under Rule 20(a)(2), parties

> may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes." *Bay v. City of Phila.*, Civ. A. No. 03-5358, 2005 WL 950608, at * 2 (E.D. Pa. Apr. 20, 2005) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). In deciding whether the facts of different claims constitute a single transaction or occurrence, or a series of transactions or occurrences, courts apply a case-by case approach, considering the logical relationship between the claims. *See Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010). A logical relationship "exists where the claims involve the same factual and legal issues, where they are offshoots of the same basic controversy between the parties, or where separate trials of each claim would involve a substantial duplication of effort and time by the parties and the court." *Klimaski v. Parexel Int'l*, Civ. A. No. 05-298, 2005 WL 857350, at * 3 (E.D. Pa. Apr. 4, 2005) (citing *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir.1978)).

Here, neither prong of Rule 20(a)(2) is satisfied. Chen's claim against Allstate is not part of the same "transaction or occurrence" as the negligence claim against Zhang, nor do the

5

two claims share any common factual or legal questions. In order to prevail against Zhang in his negligence action, Chen must establish that: (1) Zhang owed him at duty of care; (2) that duty was breached; (3) the breach resulted in injury; and (4) that he suffered an actual loss or damages. *See Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009). By contrast, Chen's action against his insurer, Allstate, is largely a matter of law for the Court, which must ascertain "the intent of the parties as manifested by the language of the written instrument." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa.1999). Assessing Allstate's obligations under the insurance contract has no factual or legal overlap with Chen's negligence case against Zhang. Even though the fire at 753 Jericho Road sparked both claims, they are not sufficiently related to support joinder under Rule 20. *See Anderson v. Consol. Rail Corp.,* Civ. A. No. 98-6043, 2000 WL 1201456, at * 1 (E.D. Pa. Aug. 10, 2000) (holding that joinder of multiple employee plaintiffs was improper even though they were all subject to same decision of the defendant to reduce its workforce). Accordingly, Allstate must be dismissed.[1]

## IV. CONCLUSION

For the reasons stated above, Erie's motion is granted and Allstate will be dismissed as improperly joined. An Order consistent with this Memorandum will be docketed separately.

---

[1] Allstate has also filed cross-claims for indemnification and contribution against Erie and Zhang. However, these claims presume that both insurance companies are proper parties to this lawsuit. Because the Court has determined that both Allstate and Erie should be dismissed, Allstate's cross-claims will also be dismissed.